IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

```
ARNOLD MOORE,                  )
                               )
          Plaintiff,           )
                               )
     v.                        )     1:18CV324
                               )
NORTHEASTERN UNIVERSITY and    )
THOMAS NEDELL,                 )
                               )
          Defendants.          )
```

## MEMORANDUM OPINION AND ORDER

**OSTEEN, JR., District Judge**

This case is currently before the court on the consolidated motion to dismiss filed by Defendants Northeastern University ("Northeastern") and Thomas Nedell ("Nedell"). (Doc. 9.) Defendants move to dismiss pro se Plaintiff Arnold Moore's Complaint for failure to state a claim. (Complaint ("Compl.") (Doc. 2).)

Plaintiff, a military veteran who suffers from post-traumatic stress disorder ("PTSD") and migraine headaches, took online classes through Northeastern from September 2015 to June 2017. (Pl.'s Opp'n to Defs.' Mot. to Dismiss ("Pl.'s Resp. Br.") (Doc. 12) at 2.) Plaintiff alleges that Northeastern and Nedell, the University's Senior Vice President and Treasurer, violated

42 U.S.C. § 1983 by failing to properly assess plaintiff's disabilities and failing to offer sufficient accommodation for Plaintiff's medical issues. (Compl. (Doc. 2) at 4-5, 7.) Plaintiff alleges $500,000.00 in damages. (Id. at 6, 7.)

I. STANDARD OF REVIEW

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). In other words, the plaintiff must plead facts that "allow[] the court to draw the reasonable inference that the defendant is liable" and must demonstrate "more than a sheer possibility that a defendant has acted unlawfully." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556-57).

When ruling on a motion to dismiss, this court must accept the complaint's factual allegations as true. Iqbal, 556 U.S. at 678. Further, "the complaint, including all reasonable inferences therefrom, [is] liberally construed in the plaintiff's favor." Estate of Williams-Moore v. All. One Receivables Mgmt., Inc., 335 F. Supp. 2d 636, 646 (M.D.N.C. 2004) (citation omitted). Despite this deferential standard, a court will not accept mere legal conclusions as true, and

"[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, [will] not suffice." Iqbal, 556 U.S. at 678.

Pro se plaintiffs are subject to a relaxed pleading standard. See Estelle v. Gamble, 429 U.S. 97, 106 (1976) (stating that pro se complaints must be "liberally construed"); see also Haines v. Kerner, 404 U.S. 519, 520–21 (1972). However, these plaintiffs must still plead facts that fairly put the defendant on notice of the nature of the claims and "contain more than labels and conclusions." Giarratano v. Johnson, 521 F.3d 298, 304 & n.5 (4th Cir. 2008) (quoting Twombly, 550 U.S. at 555).

**II. NORTHEASTERN**

Plaintiff states, under "Basis for Jurisdiction," that he is suing state or local officials pursuant to 42 U.S.C. § 1983. (Compl. (Doc. 2) at 3.) Northeastern, however, is a private university. (See Doc. 10 at 4.) 42 U.S.C. § 1983 creates a private right of action only against a defendant who acts "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory." To sue a private entity under § 1983, the plaintiff must show "a sufficiently close nexus between the State and the challenged action of the regulated entity so that the action of the latter may be fairly treated as

that of the State itself." Jackson v. Metro. Edison Co., 419 U.S. 345, 351 (1974). Almost universally, courts have found that the mere receipt of state funds is not sufficient to treat an educational institution as a state actor. See Modaber v. Culpeper Mem'l Hosp., Inc., 674 F.2d 1023, 1025–26 (4th Cir. 1982) (dismissing a § 1983 action against a private hospital and finding that the receipt of funds and state regulation were insufficient to give rise to state action); Allen v. Tulane Univ., Civ. A. No. 92-4070, 1993 WL 459949, at *1, *2 (E.D. La. Nov. 2, 1993) (collecting cases, finding that "varying degrees of governmental involvement in universities ranging from federal and state grants, student loan guarantees, tax exemptions, licensing of university owned television and radio stations, etc." are not sufficient to create state action).

Applying this general rule, court have consistently held that private universities cannot be sued under § 1983. See, e.g., Slovinec v. DePaul Univ., 332 F.3d 1068, 1068 (7th Cir. 2003); Blouin v. Loyola Univ., 506 F.2d 20, 21 (5th Cir. 1975); Grafton v. Brooklyn Law Sch., 478 F.2d 1137, 1143 (2d Cir. 1973). Here, Plaintiff neither explains how Northeastern acted under the color of state law nor describes how Northeastern's alleged failure to accommodate his medical needs was in any way

related to any state (as opposed to federal[1]) funding. Instead, Plaintiff vaguely references "millions of dollars" in government funding. (Pl.'s Resp. Br. (Doc. 12) at 3.) Plaintiff's allegations are insufficient to establish that Northeastern acted under the color of state law. Therefore, Plaintiff has failed to state a claim against Northeastern and Defendants' motion to dismiss this claim will be granted.

III. **NEDELL**

Plaintiff also names Nedell, a Senior Vice President and Treasurer at Northeastern, as a defendant in his individual capacity. To state a claim under § 1983, Plaintiff must allege that Nedell personally deprived Plaintiff of "rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983. Plaintiff, however, identifies only the Americans with Disabilities Act ("ADA"). (See Compl. (Doc. 2) at 5, 7-8.) It is well-established that the ADA provides a right of action exclusively against covered entities and not against individuals. See, e.g., Baird ex rel. Baird v. Rose, 192 F.3d 462, 471-72 (4th Cir. 1999).

---

[1] Because § 1983 requires state action, "the federal government's involvement can be discounted for jurisdictional purposes, since § 1983 . . . ha[s] no applicability to federal action." Weise v. Syracuse Univ., 522 F.2d 397, 404 (2d Cir. 1975).

Further, Plaintiff's allegations entirely fail to suggest the nature of Nedell's role in denying Plaintiff's requested accommodations; rather, Plaintiff provides only the conclusory assertion that "I'm sure Thomas Nedell and others were aware of the shortcomings . . . but did nothing to address them" (Doc. 12 at 2.) The ADA cannot support Plaintiff's § 1983 claim against Nedell and Defendants' motion to dismiss this claim will be granted.

**IV. CONCLUSION**

This court will briefly note that, while not properly pled, Plaintiff's allegations are likely best framed as an ADA failure to accommodate claim against Northeastern. To state such a claim, Plaintiff must plausibly plead each of the following elements:

> (1) that the plaintiff is disabled and otherwise qualified academically, (2) that the defendant is a private entity that owns, leases or operates a place of public accommodation (for ADA purposes) and receives federal funding (for Rehabilitation Act purposes), and (3) that the defendant failed to make reasonable modifications that would accommodate the plaintiff's disability without fundamentally altering the nature of the public accommodation.

Mershon v. St. Louis Univ., 442 F.3d 1069, 1076 (8th Cir. 2006) (citing 42 U.S.C. § 12182(b)(2)(A)(ii)).

It seems relatively clear that Northeastern operates a place of public accommodation within the meaning of the ADA. See

-6-

id. at 1077 (holding that undergraduate and graduate academic programs are "place[s] of public accommodation"). This court, however, finds Plaintiff's current allegations lacking in several respects. First, this court notes substantial judicial skepticism regarding whether migraine headaches constitute a disability under the ADA. See, e.g., Rhoads v. F.D.I.C., 257 F.3d 373, 380 (4th Cir. 2001) (affirming grant of summary judgment to defendants on plaintiff's migraine-based failure to accommodate claim "[b]ecause we agree that Rhoads failed to make a sufficient showing of disability"). Second, this court finds the complaint insufficient to plausibly establish that Plaintiff was qualified academically for the online program, separate and apart from his disability. Third and finally, this court considers it highly questionable whether the alleged three-week gap between Northeastern's initial refusal to accommodate Plaintiff's migraines and subsequent reversal was unreasonable.

In any event, Plaintiff's allegations were insufficient to place Defendants on notice of an ADA claim against Northeastern. Even pro se plaintiffs are required to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Conley v. Gibson, 355 U.S. 41, 47 (1957), abrogated by Twombly, 550 U.S. 544 (2007). Plaintiff has failed to do so.

For the foregoing reasons, this court finds that Defendants' motion to dismiss should be granted and that all claims against Defendants should be dismissed. The dismissal shall be without prejudice.

**IT IS THEREFORE ORDERED** that Defendants' Motion to Dismiss, (Doc. 9), is **GRANTED.**

**IT IS FURTHER ORDERED** that the claims contained in the Complaint, (Doc. 2), are **DISMISSED WITHOUT PREJUDICE** pursuant to Fed. R. Civ. P. 12(b)(6).

As no further claims remain in this matter, a judgment for Defendants shall be entered contemporaneously with this Memorandum Opinion and Order.

This the 21st day of February, 2019.

_____
United States District Judge